UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE E. MODICA, SR., | No. 2:15-cv-00057 MCE AC PS |
| Plaintiff, | |
| v. | ORDER |
| RUSSELL, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, against defendants Russell and Olah, correctional officials at the California Correctional Center (CCC) in Susanville. Plaintiff challenges the conduct of these defendants during his incarceration at CCC; plaintiff is now on parole and resides in Hayward. This proceeding is referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262.

I.      In Forma Pauperis Application

Plaintiff requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Although the application submitted by plaintiff is not on the standard form used by this district, it contains the requisite information and is submitted by plaintiff under penalty of perjury. See ECF No. 3. The court finds that the application makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

1

II.   Screening of Complaint

Pursuant to 28 U.S.C. § 1915(e)(2), the court must dismiss a case proceeding under the in forma pauperis statute if the court determines, inter alia, that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Plaintiff makes the following allegations in the instant complaint against defendants Russell and Olah.[1]  On October 23, 2011, while waiting for his dorm to be unlocked, plaintiff was approached by defendant Olah who instructed plaintiff to place his hands up against the wall. While plaintiff was in this position, defendant Russell passed by and "pressed a strange hot metal box against the back handside of my left hand with excessive force." ECF No. 1 at 5.  Plaintiff alleges that defendant Olah "used his authority to perform a staged search of my person, but in reality, only served as a diversion . . . to burn and brand me with a prohibited device, by C/O Russell." Id. at 4.  The complaint further alleges, id. at 5-6:

> With a visible burn mark/brand it left and a painful sting as C/O Olah and C/O Russell laughed at me.  I screamed out in pain, "Hey, you just burned me."  C/O Russell turned and displayed a colored box with a metal tip in his hand, then asked to his co-worker C/O Olah, "You smell something," as he mocked me.  He Russell said, "it smells like porks skin."  C/O Russell stared at me and he in a cold manner said, "You scream like a little bitch, you scream like a little bitch."  Adding insult to injury.  I was in fear.

According to the complaint, neither defendant reported the incident.  On October 29, 2011, plaintiff sought mental health care due to fear of retaliation by Russell and Olah if plaintiff reported the incident.  On October 30, 2011, plaintiff obtained a medical examination and filed an administrative grievance alleging officer misconduct by defendant Russell, with the cooperation of defendant Olah.  Plaintiff was interviewed by a member of CDCR's Office of Internal Affairs (OIA) the same day; the interview was videotaped.  Plaintiff requested placement in administrative segregation (ad seg) for his own safety, and the request was granted, effective

---

[1] The question marks in plaintiff's complaint appear to indicate plaintiff's lack of certainty regarding defendants' positions at CCC (both appear to be correctional officers), not confusion about defendants' names.

1  October 30, 2011.  On November 11, 2011, plaintiff was visited by the head of Inmate Appeals
2  who viewed plaintiff's burn, informed plaintiff that his appeal was legitimate and being reviewed
3  by OIA, and explained that plaintiff would remain in ad seg until completion of the investigation.
4  In November 2011, plaintiff filed a claim with the Victim Compensation and Government Claims
5  Board.  In March or April 2012, three members of the Office of Inspector General (OIG)
6  conducted an audio-recorded interview of plaintiff.

7  Plaintiff states that he was released from custody in December 2012, while his
8  administrative grievance and the OIA investigation were still pending.  In March 2013, plaintiff
9  received "a memo in the mail stating C/O Russell had violated CDCR Policy and Procedure and
10 my claim was legitimate a violation did occur[] . . . [but] I was not offered any support or relief."
11 ECF No. 1 at 9. Moreover, plaintiff states that "[t]he Chief of Inmate Appeals would not process
12 my appeal at the third and final level.  I made several attempts to solve my inmate grievance
13 '602' within the CDCR appeals process, however, each attempt was return[ed]. . . ."  Id.  Plaintiff
14 states that he still bears the "branded scar on my left hand, to this day."  Id. at 4.  Plaintiff seeks
15 compensatory and punitive damages.

16 The complaint recounts a prior federal civil rights action filed by plaintiff "just before I
17 was attacked by C/O Russell and C/O Olah."  Id. at 7.  That action, Modica v. Cox et al., Case
18 No. 2:11-cv-02163 DAD P, filed against other defendants at CCC regarding an unrelated
19 incident, was commenced August 15, 2011.  (The parties reached a settlement in June 2013, and
20 the case was voluntarily dismissed on August 22, 2013.)  The filing date of that action supports
21 plaintiff's claim that defendants acted in retaliation.

22 The court finds that the complaint states the following cognizable claims against
23 defendants Russell and Olah, pursuant to 42 U.S.C. § 1983:  (1) that, in violation of plaintiff's
24 First Amendment rights, defendants acted in retaliation against plaintiff because he had recently
25 filed a prior civil rights action against CCC coworkers;[2] (2) that defendants' excessive and

---

[2] "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's (continued…)

3

"barbaric" use of force against plaintiff, causing physical injury, violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment;[3] and (3) that defendants acted in concert to violate plaintiff's civil rights, thus stating a claim for conspiracy under Section 1983.[4]

Accordingly, pursuant to plaintiff's in forma pauperis status, he will be granted leave to submit the documents necessary for the United States Marshal to serve process on defendants Russell and Olah.

### III.   Request for Appointment of Counsel

Plaintiff also requests appointment of counsel. Plaintiff states that he is indigent and on parole; that he has limited knowledge of the law but the issues in this case are complex and will require significant research and investigation; that a trial in this case will involve conflicting testimony and appointed counsel would be better able to present plaintiff's evidence and cross-examine witnesses; and that plaintiff is "under Doctor's care on medication and suffering as a direct result of the injuries he suffered at the hand of the defendants." ECF No. 3 at 2.

District courts lack authority to require counsel to represent indigent litigants in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a litigant. See 28 U.S.C. § 1915(e)(1); see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional

---

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted). Direct and tangible harm will support a First Amendment retaliation claim even without demonstration of a chilling effect on the further exercise of a prisoner's First Amendment rights. Id. at 568 n.11.

[3] To state an Eighth Amendment claim premised on excessive force, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citation omitted). However, plaintiff does not state a cognizable Fourth Amendment claim premised on his temporary detention.

[4] To state a claim for conspiracy under Section 1983, a plaintiff must plead specific facts that suggest a mutual understanding among conspirators to deprive plaintiff of his constitutional rights. Duvall v. Sharp, 905 F.2d 1188, 1189 (8th Cir. 1990) (per curiam).

4

1 circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as
2 well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the
3 legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  The burden of
4 demonstrating exceptional circumstances is on the plaintiff.  Id.

5      In the present case, plaintiff has demonstrated the ability to articulate and pursue his
6 claims pro se.  While there is a reasonable likelihood that plaintiff may succeed on the merits of
7 his claims if his allegations are proven, the personal circumstances he recounts are common to
8 most indigent litigants.  Moreover, while plaintiff states that his medical conditions impede his
9 ability to proceed pro se, the only injury identified in this action is a scar to the back of plaintiff's
10 left hand, without any allegation that the injury impaired plaintiff's ability to use his hand.  There
11 are no pertinent allegations in plaintiff's former case, Modica v. Cox et al., Case No. 2:11-cv-
12 02163 DAD P, demonstrating a disabling medical condition.  For these several reasons, the court
13 finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances
14 warranting the appointment of counsel at this time.

15     IV.    Conclusion
16      Accordingly, IT IS HEREBY ORDERED that:
17      1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 3, is granted.
18      2. Plaintiff's request for appointment of counsel, ECF No. 2, is denied without prejudice.
19      3. Service of the complaint is appropriate for defendants Russell and Olah.
20      4. The Clerk of the Court shall send plaintiff one summons, two USM-285 forms, a copy
21 of the endorsed original complaint filed January 8, 2015, and an instruction sheet informing
22 plaintiff how to proceed in completing and submitting the necessary service documents.
23      5. Within thirty days from the filing date of this order, plaintiff shall complete the
24 attached Notice of Submission of Documents and submit the following documents to the court:
25           a. The completed Notice of Submission of Documents;
26           b. One completed summons;
27           c. One completed USM-285 form for each defendant (two forms total); and
28           d. Three copies of the endorsed original complaint filed January 8, 2015.

      6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

      7. Failure of plaintiff to timely comply with this order may result in a recommendation that this action be dismissed without prejudice.

DATED: May 7, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE E. MODICA, SR., | No. 2:15-cv-00057 MCE AC PS |
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| RUSSELL, et al., | |
| Defendants. | |

Plaintiff submits the following documents in compliance with the court's order filed _____:

\_\_\_\_    One completed summons form

\_\_\_\_    Two completed USM-285 forms

\_\_\_\_    Three copies of the endorsed original complaint filed January 8, 2015

_____    _____
Date                                                                                   Plaintiff

1