UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE E. MODICA, SR., | No. 2:15-cv-00057 MCE AC PS |
| Plaintiff, | |
| v. | ORDER |
| RUSSELL, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff sues defendants Russell and Olah, both correctional officials at the California Correctional Center (CCC), for their alleged conduct against plaintiff when he was incarcerated at CCC.  The court previously found that plaintiff's complaint states cognizable claims for retaliation, cruel and unusual punishment, and conspiracy. See ECF No. 4 at 3-4.  The court further finds that the complaint states a claim for excessive force.  Plaintiff is now on parole and resides in Vallejo.  The court has ordered service of the complaint on defendants by the United States Marshal, see ECF No. 7, which is currently pending.

Plaintiff now requests appointment of counsel, and issuance of a subpoena duces tecum on the California Office of the Inspector General, which has independent oversight over the correctional institutions operated by the California Department of Corrections and Rehabilitation.

1

Plaintiff requests appointment of counsel on the following grounds, ECF No. 10 (with minor edits):

> Due to exceptional circumstances I am in need of professional services. I am currently in a residential treatment [facility] in Vallejo. I have a full daily schedule and I am not able to leave the premises to do any legal work. In addition I am a mental health client on sleep medication for PTSD and in need of rest.

This court is without authority to require counsel to represent an indigent plaintiff in a Section 1983 case. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). However, in exceptional circumstances, the court may request that a specific attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In making this assessment, the court must consider plaintiff's likelihood of success on the merits of his action as well as plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Plaintiff bears the burden of demonstrating exceptional circumstances. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances warranting the appointment of voluntary counsel. Id.

In the present case, the court finds that plaintiff has, at this time, not met his burden. Although plaintiff has limited time and resources to devote to this case, he has demonstrated the ability to ably articulate his claims pro se – as demonstrated by the court finding cognizable claims in plaintiff's original complaint. Additionally, the underlying alleged facts of this case are relatively succinct, focusing an alleged branding incident coupled with verbal abuse. Although plaintiff is currently unable to leave his residence, he may be able to obtain supporting legal authorities and references on the internet and/or by requesting that his program supervisors obtain such matters from the local law library or through a voluntary legal assistant. After service of process has been made on defendants and they have answered the complaint, and/or after the parties have commenced the discovery process, plaintiff may renew his request for appointment of counsel.

Next, plaintiff requests issuance of a subpoena duces tecum on the Office of the Inspector

General (OIG) for "production of documents, reports, memorandums, written or any tangible thing as pertaining to this case. . . ." ECF No. 11 at 1. Plaintiff states that this request represents his "second attempt to obtain this information," as he made a written attempt which the OIG denied. Id. at 2. Plaintiff states that he also "recently sent an e-mail and another written letter asking only for the information which was bareing (sic) on my personal information[;] this request is pending." Id. The complaint alleges in pertinent part that in March or April 2012, three members of the Office of Inspector General (OIG) conducted an audio-recorded interview of plaintiff concerning his allegations against Olah and Russell. ECF No. 1 at 8.

Pursuant to Federal Rule of Civil Procedure 45(a)(2), a subpoena duces tecum may direct a non-party to produce documents or other tangible objects for inspection and copying. A subpoena must be personally served or it is null and void. Fed. R. Civ. P. 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475 (D. Alaska 1958). Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal. 28 U.S.C. § 1915(d).

This court must consider the following before requiring the United States Marshal to personally serve a plaintiff's proposed subpoena duces tecum. The scope of the subpoena is limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"), and the considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery") (citation omitted); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605. In addition, this court requires that a motion for issuance of a subpoena duces tecum be supported by: (1) clear identification of the documents sought and from whom, and (2) a

1 showing that the records are obtainable only through the identified third party.  See e.g. Davis v. Ramen, 2010 WL 1948560 at *1, 2010 U.S. Dist. LEXIS 115432 at *3 (E.D. Cal. 2010).

Applying these standards to plaintiff's request, together with the allegations of his complaint, the court finds that plaintiff has demonstrated the relevance of the requested documents and the fact that they are uniquely available through the OIG.[1]  Therefore, the court will direct the Clerk of Court to issue plaintiff one blank subpoena duces tecum form, signed but otherwise blank, pursuant to Fed. R. Civ. P. 45.  Plaintiff must complete the subpoena and return it to the court to obtain personal service on the OIG by the United States Marshal.

In completing the subpoena, plaintiff must clearly identify the specific documents and things that he seeks, including audiotape or written transcript thereof,  and identify a specific person at the OIG upon whom the subpoena should be served.  See Fed. R. Civ. P. 45(a)(1)(A)(iii) (every subpoena must identify the person to whom it is directed).  The subpoena must also identify the time and place for inspection and copying of the requested documents – if plaintiff is unable to go in person to the OIG for inspection of the requested documents, he should request that the materials be copied and sent to plaintiff at his own expense.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for appointment of counsel, ECF No. 10, is denied without prejudice.

2.  Plaintiff's request for issuance of one blank subpoena duces tecum, ECF No. 11, is granted.

3.  The Clerk is directed to issue plaintiff one subpoena duces tecum form, signed but otherwise blank, pursuant to Fed. R. Civ. P. 45.

---

[1] Nevertheless, plaintiff is reminded that documents likely to be within the possession, custody or control of defendants should be sought through discovery, while subpoenas should be used only to obtain documents that are not available from defendants.  See e.g. Contardo v. Merrill Lynch, Pierce, Fenner & Smith, 119 F.R.D. 622, 624 (D. Mass. 1988) (for purposes of discovery, Rule 34 is directed at parties and Rule 45 is directed at non-parties); 9A Wright and Miller: Federal Practice and Procedure § 2452 (3d ed. 2015 ("Federal Rule 45 has a close relation to the proper functioning of the discovery rules. Most notably, a subpoena is necessary to compel someone who is not a party to appear for the taking of a deposition or for the production of various material things and electronic information.").

4. Within twenty-one days after the filing date of this order, plaintiff shall complete the subpoena and the attached Notice of Submission of Document form, and mail them both to the court.

5. If the subpoena is properly completed, the court will direct the United States Marshal to serve the subpoena on the designated recipient at OIG.

DATED: September 17, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTOINE E. MODICA, SR., | No. 2:15-cv-00057 MCE AC PS |
|---|---|
| Plaintiff, |   |
| v. | NOTICE OF SUBMISSION OF DOCUMENT |
| RUSSELL, et al., |   |
| Defendants. |   |

Plaintiff hereby submits the following document in compliance with the court's order filed _____:

\_\_\_\_   One completed subpoena duces tecum

_____          _____
Date                                                                              Plaintiff

6