UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE E. MODICA, SR., | No. 2:15-cv-00057 MCE AC PS |
| Plaintiff, | |
| v. | ORDER |
| RUSSELL, et al., | |
| Defendants. | |

    Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff sues defendants Russell and Olah, both correctional officials at the California Correctional Center, on claims alleging retaliation, cruel and unusual punishment, conspiracy, and excessive force. Plaintiff has been unincarcerated throughout this litigation.

    Presently pending are the separately-represented defendants' motions to dismiss this action on statute of limitations grounds. The motions have been noticed for hearing before this court on January 6, 2016, ECF No. 18, and January 20, 2016, ECF No. 22. For the convenience of the parties and as a matter of judicial efficiency, these matters will be consolidated for hearing on January 20, 2016.

    In addition, plaintiff has submitted a proposed subpoena duces tecum for personal service by the United States Marshal, which was preliminarily authorized by order of this court filed

1

1  September 18, 2015.  See ECF No. 12.  As originally proposed, the subpoena was to be directed
2  to the California Office of the Inspector General (OIG) (which has independent oversight
3  authority over the California Department of Corrections and Rehabilitation), for the purpose of
4  obtaining "production of documents, reports, memorandums, written or any tangible thing as
5  pertaining to this case. . . ."  ECF No. 11 at 1.  The subpoena is supported in part by the
6  complaint, which alleges in pertinent part that in March or April 2012, three members of the OIG
7  conducted an audio-recorded interview of plaintiff concerning his allegations against Olah and
8  Russell.  ECF No. 1 at 8.

9  Pursuant to Federal Rule of Civil Procedure 45(a)(2), a subpoena duces tecum may direct
10 a non-party to produce documents or other tangible objects for inspection and copying.  A
11 subpoena must be personally served or it is null and void.  Fed. R. Civ. P. 45(c); Gillam v. A.
12 Shyman, Inc., 22 F.R.D. 475 (D. Alaska 1958).  Because plaintiff is proceeding in forma
13 pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the
14 United States Marshal.  28 U.S.C. § 1915(d).

15 However, as now framed, plaintiff's proposed subpoena is directed only to "James C.
16 Spurling," without title or address, and without designating a place, date or time for production.
17 The subpoena seeks "investigative reports of Officer Russell and Officer Olah[,] final OIG
18 finding of officer misconduct[;] internal testimonies [sic] and statement[s], [and] related material
19 in the case of Antoine E. Modica [former CDCR #]."  See ECF No. 14 at 2.  Review of the
20 website operated by the OIG[1] indicates that James Spurling is OIG Chief Counsel, whose office is
21 at 10111 Old Placerville Road, Suite 110, Sacramento, CA 95827.

22 Plaintiff's request for personal service of his proposed subpoena duces tecum will be
23 denied for the following reasons.  First, in light of the pending motions to dismiss asserting that
24 this action is time-barred, it is premature to direct a third party to produce substantive information
25 and documents going to the merits of this action.  Second, the proposed subpoena is incomplete,

---

[1] See Fed. R. Evid. 201 (a court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).  See City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

as described above. Third, it is not clear if plaintiff has independently obtained any of information he seeks pursuant to subpoena; although plaintiff states that he attempted unsuccessfully to obtain this information directly from the OIG, apparently pursuant to a Public Records Act request, plaintiff's last communication with the court indicates that his second, narrower, request remained pending. See ECF No. 11 at 2. Plaintiff is encouraged to continue to pursue this matter on his own through the procedures set forth on the OIG's website.

Should this case proceed on the merits following the court's decision on defendants' motions to dismiss, the court will consider anew plaintiff's request for issuance and service of a subpoena duces tecum directed to the OIG.

Accordingly IT IS HEREBY ORDERED that:

1. The hearings noticed for January 6, 2016, ECF No. 18, and January 20, 2016, ECF No. 22, are consolidated for hearing on Wednesday, January 20, 2016, at 10:00 a.m., in Courtroom No. 26. If plaintiff wishes to appear telephonically, he may make arrangements by contacting the courtroom deputy, Valerie Callen, (916) 930-4199, at least two days prior to the hearing date.

2. Plaintiff's request for an order directing the United States Marshal to personally serve plaintiff's proposed subpoena duces tecum, see ECF Nos. 11 and 14, is denied without prejudice.

DATED: December 17, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE