UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE E. MODICA, SR., | No. 2:15-cv-00057 MCE AC PS |
| Plaintiff, | |
| v. | ORDER |
| RUSSELL, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Presently pending is plaintiff's third request for appointment of counsel.  See ECF No. 50.  Plaintiff avers that he requires the assistance of counsel due to his mental health conditions and medication, and to better present his case. Plaintiff states that, after participating in a settlement conference in this action, it became apparent to him that he is "outmanned in knowledge and resources" and at an "undisputed disadvantage."  Id. at 1-2.

As this court has previously informed plaintiff, the undersigned is without authority to require any attorney to represent an indigent civil rights plaintiff.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  However, in exceptional circumstances, the court may request that a specific attorney voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

1

1  (9th Cir. 1990).  In making this assessment, the court must consider plaintiff's likelihood of
2  success on the merits of his action as well as plaintiff's ability to articulate his claims pro se in
3  light of the complexity of the legal issues involved.  See Palmer v. Valdez, 560 F.3d 965, 970 (9th
4  Cir. 2009).  Plaintiff bears the burden of demonstrating exceptional circumstances; however,
5  circumstances common to most prisoners, such as lack of legal education, do not establish such
6  exceptional circumstances.  Id.  The court must also be cognizant that only a few attorneys are
7  available to undertake such voluntary representation.

8  In the present case, the court again finds that plaintiff has not met his burden of
9  demonstrating the requisite exceptional circumstances.  Plaintiff has repeatedly demonstrated his
10  ability to articulate and pursue his claims pro se.  Moreover, the underlying alleged facts of this
11  case are relatively succinct, focusing on an alleged single and relatively brief incident involving
12  only two defendants.  Plaintiff is no longer incarcerated, according him ample opportunity to
13  obtain assistance through local law libraries and clinics.  Further, as this court previously found,
14  "while plaintiff states that his medical conditions impede his ability to proceed pro se, the only
15  injury identified in this action is a scar to the back of plaintiff's left hand, without any allegation
16  that the injury impaired plaintiff's ability to use his hand.  There are no pertinent allegations in
17  plaintiff's former case, Modica v. Cox et al., Case No. 2:11-cv-02163 DAD P, demonstrating a
18  disabling medical condition."  See ECF No. 4 at 5.  There remains a reasonable likelihood that
19  plaintiff may succeed on the merits of his claims.  However, the personal circumstances that
20  plaintiff recounts are relatively common to indigent litigants, and therefore fail to demonstrate
21  exceptional circumstances warranting the appointment of counsel at this time.

22  Accordingly, IT IS HEREBY ORDERED that plaintiff's third request for appointment of
23  counsel, ECF No. 50, is denied without prejudice.

24  DATED: June 7, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2